5 F.3d 347
 A. DOE, a minor, by B. DOE, her next friend; C. Doe, a
minor, by D. Doe, her next friend; E. Doe; I. Doe, a
minor, by J. Doe, her next friend; K. Doe; M. Doe, a
minor, by N. Doe, her next friend; O. Doe; P. Doe; Q.
Doe; R. Doe; S. Doe; T. Doe; W. Doe, Plaintiffs-Appellants,
v.
B.P.S. GUARD SERVICES, doing business as Wells Fargo Guard
Services, Inc., Defendant-Appellee.
A. DOE, a minor, by B. DOE, her next friend; C. Doe, a
minor, by D. Doe, her next friend; E. Doe; I. Doe, a
minor, by J. Doe, her next friend; K. Doe; M. Doe, a
minor, by N. Doe, her next friend; O. Doe; P. Doe; Q.
Doe; R. Doe; S. Doe; T. Doe; W. Doe, Plaintiffs-Appellees,
v.
B.P.S. GUARD SERVICES, doing business as Wells Fargo Guard
Services, Inc., Defendant-Appellant.
 Nos. 93-1043, 93-1047.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 15, 1993.
Decided Sept. 27, 1993.
Rehearing Denied Oct. 29, 1993.
 
 Appeals from the United States District Court for the Eastern District of Missouri; Stephen Limbaugh, Judge.
 Kim Roger Luther, St. Louis, MO, argued (Katherine L. Butler on the brief), for plaintiffs-appellants.
 Gordon L. Ankney, St. Louis, MO, argued (Edward A. Cohen and David F. Szewczyk on the brief), for defendant-appellee.
 Before MAGILL, Circuit Judge, LAY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 This is a second appeal following our earlier remand to the district court, see Doe v. B.P.S. Guard Services, Inc., 945 F.2d 1422, 1428 (8th Cir.1991), to review the award of punitive damages in light of a recent Supreme Court decision relating to the constitutionality of a state procedure in awarding punitive damages. See Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991); see also TXO Prod. Corp. v. Alliance Resources Corp., --- U.S. ----, 113 S.Ct. 2711, 125 L.Ed.2d 366 (1993). This court's remand was based upon the constitutional guidelines relating to punitive damages as set forth in the Haslip case. See Haslip, 499 U.S. at 17-21, 111 S.Ct. at 1043-45. On remand, the district court granted remittitur of the punitive damages award to $10,000 for each plaintiff based upon the court's analysis that the reduced award more reasonably reflected a relationship between the actual injury and the punitive damage award. Although the district court did not specifically discuss the constitutionality of the Missouri procedure, we find that the analysis made by the district court, and as now reviewed by this court, meets the constitutional standards set forth in Haslip and TXO.
 
 
 2
 The judgment of the district court is hereby affirmed.